1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VICTOR MANUEL JIMENEZ, | Case No. EDCV 20-01430-DSF (RAO) |
|---|---|
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |
| JOSIE GASTELO, | |
| Respondent. | |

## I.   **BACKGROUND**

On July 16, 2020, Petitioner Victor Manuel Jimenez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  (*See* Pet., Dkt. No. 1.)  Petitioner seeks habeas relief in connection with his current state custody arising from his 2008 conviction in San Bernardino County Superior Court, case number FVA 018285.  (Pet. at 2.)

The records of this Court establish that Petitioner instituted a prior habeas action concerning his 2008 conviction.  *See Jimenez v. Gonzalez*, Case No. 5:10-cv-01386-GHK-FMO (C.D. Cal. filed Sept. 13, 2010).[1]  In Petitioner's prior

---

[1]    The Court takes judicial notice of these court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein.  *See* Fed. R. Evid. 201(b)(2); *Harris v. Cnty.*

habeas action, the Court denied with prejudice the operative petition.  *See Jimenez v. Gonzalez*, No. 5:10-cv-01386-GHK-FMO (C.D. Cal. Aug. 30, 2012) (order accepting Report and Recommendation and Judgment), ECF Nos. 22, 23.[2]

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief concerning the same 2008 conviction.  (Pet. at 2.)  Neither the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II.    DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).   A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).   § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

---

*of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2]      In October 2017 and again in June 2020, the Court denied without prejudice two other habeas petitions, challenging the same 2008 conviction, for being successive.  *See Jimenez v. Gastelo*, Case No. 5:20-cv-01096-DSF-RAO (C.D. Cal. June 9, 2020), ECF Nos. 4, 5; *Jimenez v. Gastelo*, Case No. 5:17-cv-02109-DSF-RAO (C.D. Cal. Oct. 23, 2017), ECF Nos. 4, 5.  In the 2017 habeas action, the Ninth Circuit Court of Appeals denied a request for a certificate of appealability and closed the case.  *See Jimenez v. Gastelo*, Case No. 5:17-cv-02109-DSF-RAO (C.D. Cal. Dec. 20, 2018), ECF No. 12.

1    The Court finds that Petitioner's present Petition is clearly a "second or

2  successive" habeas petition.  Moreover, the Petition and records of the Ninth Circuit

3  establish that Petitioner has not sought, and been granted, authorization by the Ninth

4  Circuit to file a successive petition to raise his claims.

5    For these reasons, the Court finds that it lacks jurisdiction to consider the

6  Petition.  Therefore, the reference to the Magistrate Judge is vacated and the Petition

7  is dismissed for lack of jurisdiction.  *See Burton*, 549 U.S. at 152-53.  The Clerk is

8  directed to enter judgment dismissing the Petition.  Because the Court must dismiss

9  the Petition, any pending motions are denied as moot.

10                    **III.    CERTIFICATE OF APPEALABILITY**

11    Under AEDPA, a state prisoner seeking to appeal a district court's final order

12  in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA")

13  from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may

14  issue "only if the applicant has made a substantial showing of the denial of a

15  constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by

16  demonstrating that jurists of reason could disagree with the district court's resolution

17  of his constitutional claims or that jurists could conclude the issues presented are

18  adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

19  U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

20    When the Court dismisses a petition on procedural grounds, it must issue a

21  COA if the petitioner shows: (1) "that jurists of reason would find it debatable

22  whether the petition states a valid claim of the denial of a constitutional right"; and

23  (2) "that jurists of reason would find it debatable whether the district court was

24  correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct.

25  1595, 146 L. Ed. 2d 542 (2000).

26    Here, the Court is dismissing the Petition without prejudice because it is a

27  successive petition without proper authorization from the Ninth Circuit.  Since the

28  Petition is patently a successive petition, Petitioner cannot make the requisite

1 | showing that jurists of reason would find it debatable whether the district court was
2 | correct in its procedural ruling.

3 | **IV.   <u>ORDER</u>**

4 |     Based on the foregoing, IT IS ORDERED THAT:

5 |     1.  The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and

6 |     2.  A Certificate of Appealability is **DENIED**.

8 | DATED:  July 30, 2020

9 | _____

10 | DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

12 | Presented by:

14 | _____

15 | ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4